131 A.3d 410

IN THE MATTER OF HAE YEON BAIK, AN ATTORNEY
AT LAW (ATTORNEY NO. T90000824).

March 3, 2016.

## ORDER

This matter have been duly presented pursuant to *Rule* 1:20–10(b), following a granting of a motion for discipline by consent in DRB 15–395 of **HAE YEON BAIK** of **PHILADELPHIA, PENNSYLVANIA,** who was admitted to the bar of the Commonwealth of Pennsylvania in 1994;

And the Office of Attorney Ethics having proceeded with this disciplinary matter pursuant to *RPC* 8.5(a), which provides that a lawyer not admitted in this jurisdiction is subject to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction;

And the Office of Attorney Ethics and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent violated *RPC* 1.5(a) (unreasonable fee), *RPC* 1.5(b) (failure to set forth in writing the basis or rate of a fee), *RPC* 1.15(a) (failure to hold a client's property separate from the lawyer's own property, to keep funds in a separate account in a New Jersey bank, and to keep such records for seven years), *RPC* 1.15(c) (failure to keep separate property in which the lawyer and another person claim interests), *RPC* 1.15(d) (failure to comply with the *Rule* 1:21–6 recordkeeping rules), *RPC* 5.5(a)(1) (unauthorized practice of law), *RPC* 5.5(b) (failure to meet the criteria for the lawful practice of law in New Jersey), *RPC* 7.1(a)(1) (a lawyer shall not make false or misleading communications about the lawyer, the lawyer's services, or any matter in which the lawyer has or seeks a professional involvement), and *RPC* 8.4(b) (a criminal act that reflects adversely on the lawyer's honesty, trustworthiness and fitness as a lawyer), as well as *Rule* 1:21–6 (recordkeeping) and *N.J.S.A.* 2C:21–22;

And the parties having agreed that respondent's conduct violated *RPC* 1.5(a), *RPC* 1.5(b), *RPC* 1.15(a), *RPC* 1.15(c), and (d), *RPC* 5.5(a)(1), *RPC* 8.4(b), *Rule* 1:21–6(a–c) and (i), and *N.J.S.A.* 2C:21–11, and that said conduct warrants a reprimand or lesser discipline

And the Disciplinary Review Board having found no clear and convincing evidence to support the stipulated violations of *RPC* 1.5(a), *RPC* 5.5(b) and *RPC* 7.1(a), and having dismissed those violations, and having further determined that a reprimand is the appropriate discipline for respondent's unethical conduct and having granted the motion for discipline by consent in District Docket No. XIV–2014–0040E;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And good cause appearing;

It is ORDERED that **HAE YEON BAIK** of **PHILADELPHIA, PENNSYLVANIA** is hereby reprimanded; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.